UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LEBLANC,

    Plaintiff,                                   Case No. 15-cv-10483
                                              Hon. Matthew F. Leitman

v.

KENNETH ROMANOWSKI,

    Defendant.

_____/

### ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF #2) AND DISMISSING COMPLAINT (ECF #1) WITHOUT PREJUDICE

Michigan state prisoner Jeffrey LeBlanc has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (*See* ECF #1.) The complaint alleges that Defendant Kenneth Romanowski, the warden of the facility where Plaintiff is incarcerated, is unlawfully holding Plaintiff because the state court lacked jurisdiction over Plaintiff's criminal trial. Plaintiff seeks monetary damages and his immediate release. Plaintiff has requested that he be permitted to proceed *in forma pauperis* in this case pursuant to 28 U.S.C. § 1915(a)(1). (*See* ECF #2.) For the reasons stated below, the Court will deny Plaintiff leave to proceed *in forma pauperis* and will dismiss the complaint pursuant to 28 U.S.C. § 1915(g).

Indigent prisoners may seek to bring a civil action without prepayment of the fees and costs for the action. *See* 28 U.S.C. § 1915(a)(2). A prisoner, however, may be

barred from proceeding *in forma pauperis* in a civil action under certain circumstances. Specifically, a prisoner may not proceed *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be grated….

28 U.S.C. § 1915(g). *See also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). Plaintiff is subject to the restrictions of § 1915(g) because he has filed three or more prior civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See LeBlanc v. Kalamazoo County Sheriff,* No. 1:14-cv-305 (W.D. Mich. July 29, 2014); *LeBlanc v. State of Michigan*, No. 1:14-cv-552 (W.D. Mich. June 19, 2014); *LeBlanc v. Kalamazoo County Government,* No. 1:14-cv-308 (W.D. Mich. May 21, 2014); *LeBlanc v. State of Michigan*, No. 1:14-cv-237 (W.D. Mich. March 26, 2014).

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  To establish that his complaint falls within this exception, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*.  *See Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) ("[T]he threat or prison condition must

be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.") (quotation and citation omitted).  Plaintiff's allegations that his criminal conviction was not lawfully entered does not fall within the "imminent danger" exception of § 1915(g).  *See, e.g., Fontroy v. Owens*, No. 12-4679, 2012 WL 4473216, *2 (E.D. Pa. Sept. 28, 2012) (prisoner's claim challenging the validity of his conviction did not allege imminent danger of serious physical injury); *Gray v. Clerk*, No. 5:10-cv-46; 2010 WL 553819, *1 (M.D. Ga. Feb. 8, 2010) ("Plaintiff's claims of unlawful confinement do not remotely approach allegations of 'imminent danger of serious physical injury'").

For the reasons discussed in this Order, the Court **DENIES** Plaintiff's application for leave to proceed *in forma pauperis* (ECF #2).  Additionally, the Court **DISMISSES** the complaint (ECF #1) pursuant to 28 U.S.C. § 1915(g).  This dismissal is without prejudice to Plaintiff filing a new complaint with payment of the filing fee.

The Court **DENIES AS MOOT** Plaintiff's "Motion to Acquire Jurisdiction Over Matter" (docket no. 4).

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated:  March 2, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 2, 2015, by electronic means and/or ordinary mail.

                                              s/Holly A. Monda
                                              Case Manager
                                              (313) 234-5113